UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN ZEH,

       Plaintiff,

v.                                   Case No. 8:18-cv-1608-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,[1]

       Defendant
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of a Title II claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.      Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 40, 103, 314). The Commissioner denied Plaintiff's claim, and Plaintiff requested an administrative hearing (Tr. 40). Per Plaintiff's request, the ALJ held a hearing and two supplemental hearings at which Plaintiff appeared and testified (Tr. 62-129). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claim for benefits (Tr. 37-61). Subsequently, Plaintiff requested review from the Appeals Council,

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as Defendant in this suit.

which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.       Factual Background and the ALJ's Decision

Plaintiff, who was born on November 14, 1964, claimed disability beginning July 14, 2015, as amended (Tr. 40, 103, 314). Plaintiff obtained at least a high school equivalent education and has taken some online community college classes (Tr. 46, 115-16, 314, 374). Plaintiff's past relevant work experience included work as a restaurant server (Tr. 46, 52, 69, 375, 411). Plaintiff alleged disability due to fibromyalgia, hypertension, depression, anxiety, bipolar disorder, sciatica, deteriorating discs in her neck and back, irritable bowel syndrome (IBS), and carpal tunnel syndrome (Tr. 40, 103, 373).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2019, and had not engaged in substantial gainful activity since July 14, 2015, the amended alleged onset date (Tr. 42, 370). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder, anxiety disorder with panic, degenerative cervical and lumbar spine and disc disease, bilateral carpal tunnel syndrome, right cubital tunnel syndrome, left shoulder impingement syndrome, and right shoulder subchondral cyst (Tr. 42). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 43). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following limitations: the ability to occasionally balance, stoop, kneel, crouch and climb ramps or stairs, but never climb ladders, ropes, or scaffolds; the ability

to occasionally reach overhead, frequently reach in other directions, and frequently handle, finger and feel with the bilateral upper extremities; no concentrated exposure to weather, to extreme heat or cold, or to wetness or humidity and no exposure to hazards such as unprotected heights or moving machinery; occasional interaction with supervisors, coworkers and the public; can perform simple, routine, repetitive tasks in a low stress environment (meaning one with no supervisory responsibilities; with no independent decision-making except with respect to simple, routine work-related decisions; and no more than occasional changes in work processes, routines or settings) (Tr. 45). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 46, 51).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform past relevant work (Tr. 52). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a mail clerk, housekeeper-cleaner, and photocopy machine operator and that more than one million of these jobs existed in the national economy (Tr. 53). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 54).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If they claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disable must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42

U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citations omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV. Analysis

Plaintiff argues the ALJ erred by improperly evaluating the testimony of the vocational expert then relying on that testimony as a substantial basis for the decision. Specifically, Plaintiff contends that there was an apparent inconsistency between the VE's testimony and the Dictionary of Occupational Titles' ("DOT") findings concerning Plaintiff's ability to perform simple, routine, repetitive tasks in a low stress environment, which inconsistency the ALJ did not identify or resolve in her decision. Plaintiff asserts that the ALJ should have

identified the inconsistency by a reading of the descriptions of the jobs that the VE found Plaintiff capable of, rather than reliance on the VE's citation to these jobs and the VE's assertion that her own vocational testimony was correct. Plaintiff goes on to argue that the General Educational Development (GED) Reasoning Level of 3 for the position of "mail clerk" and the Reasoning Level of 2 for the position of "photocopying-machine operator" are inconsistent with the ability to perform simple, routine, repetitive tasks in a low stress environment. Plaintiff asserts that, therefore, the ALJ should have explicitly questioned the VE about the apparent inconsistency. This omission, Plaintiff submits, is in contradiction to Social Security Ruling 00-4p, which sets forth that any and all conflicts must be resolved and explained before relying on VE evidence.[2]

An ALJ has an affirmative obligation to identify and resolve "apparent conflicts" between the VE testimony and the DOT, otherwise the ALJ's decision is not supported by substantial evidence. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018); *see* SSR 00-4p. This means it is not enough for the ALJ to simply ask the VE if there is an apparent conflict; the ALJ must make a "meaningful investigative effort" to identify or uncover any *apparent* conflicts, explain, and resolve them. *Washington*, 906 F.3d at 1364-65 (emphasis added). The court in *Washington* goes on to explain "apparent" means that conflict is "reasonably ascertainable or evident" and "seemingly real or true, but not necessarily so." *Id.* at 1366 (citing *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015) (quoting *Oxford*

---

[2] SSR 00-4p explains:
When vocational evidence provided by a VE or [vocational specialist ("VS")] is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

*Dictionary*, http://www.oxforddictionaries.com/definition/apparent (last visited Dec. 1, 2015))).

The Court, however, need not address Plaintiff's claims that the positions of photocopy machine operator and mail are outside the scope of Plaintiff's ability and that the ALJ did not appropriately address the inconsistency before ruling because any error regarding the mail clerk and photocopy machine operator positions is, at most, harmless. The VE testified that Plaintiff could perform the position of housekeeper-cleaner, which has a GED Reasoning Level 1 and that there are more than 900,000 of these jobs in the national economy. (Tr. 53; *see* DOT § 323.687-014 (G.P.O.), 1991 WL 672783); *see McLain v. Astrue*, No. 8:06-cv-2156-T-TBM, 2008 WL 616094, at *7 (M.D. Fla. Mar. 3, 2008) (when the VE's testimony includes at least one position Plaintiff can perform, an error in listing other positions is harmless and does not warrant overruling an ALJ's decision); *see also Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014) (holding that failure to inquire about or reconcile an apparent conflict does not warrant remand when no harm was done to the claimant); *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error rule to an ALJ's misstatement of evidence); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (stating that the court will not vacate a judgment unless the substantial rights of a party have been affected).

GED Reasoning Level 1 requires the claimant to: "Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *See* DOT, Appx. C, 1991 WL 688702. This definition falls squarely within the scope of Plaintiff's RFC. *See Bishop v. Berryhill*, No. 2:17-cv-620-FTM-DNF, 2019 WL 851415, at *4 (M.D. Fla. Feb. 22, 2019) (Level 1 Reasoning consistent with RFC for simple, routine,

repetitive tasks); *Wooten v. Berryhill*, No. 8:18-cv-38-T-AEP, 2019 WL 459136, at *4 (M.D. Fla. Feb. 6, 2019) (same).

Plaintiff argues that when the duties of a housekeeper-cleaner are broken out, "it is certainly open to question as to the simple, routine, repetitive nature of that position, or that there are no more than occasional changes in the work processes (sanitizing a bathroom is certainly a different process than changing sheets or vacuuming a rug)." Plaintiff, however, fails to cite any authority in support of this argument. *See, e.g., Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006)[3]; *N.L.R.B. v. McLain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citations to authority are generally deemed to be waived."). Without more than unadorned argument, the issue does not warrant further analysis, and the Court finds that substantial evidence supports the ALJ's decision.

Accordingly, it is hereby **ORDERED**:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of Defendant and close the case.

**ORDERED** in Tampa, Florida, on this 6th day of September, 2019.

_____

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[3] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.